UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RANCHWAY HOMEOWNERS ASSOCIATIONS, INC. | § § § | |
| V. | § § | CIVIL ACTION NO.5:17-CV-131 |
| THE BANK OF NEW YORK MELLON, F/K/A, THE BANK OF NEW YORK, AS TRUSTEE FOR CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-3 | § § § § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff, **RANCHWAY HOMEOWNERS ASSOCIATIONS, INC.**, (hereafter "Homeowner" or "Plaintiff"), and files this Original Petition complaining of THE **BANK OF NEW YORK MELLON THE BANK OF NEW YORK MELLON AS TRUSTEE FOR CWABS, INC., ASSET BACKED CERTIFICATES SERIES 2005-3** ("Bank of New York" or **"Defendant"**), and would show the Court as follows:

### I. SUMMARY

1. Defendant is barred by the four-year statute of limitations from foreclosing on Plaintiff's property. See Tex.Civ. Prac. & Rem. Code § 16.035(a), (b). On information and belief Defendant and/or its predecessor accelerated the maturity of the loan and declared the entire loan due and payable more than four years before the foreclosure by Defendant and has failed to timely exercise its power of sale. As such, the power of sale is void. Tex.Civ.Prac. & Rem. Code §16.035(d). Plaintiff

has requested all notices of default and acceleration throughout the history of the note but Defendant has refused to fully comply without formal discovery. In addition, on February 18, 2011, the borrower on the note was discharged and the note was thus accelerated, thus Defendant had four years in which to foreclosure which expired on February 18, 2015. Plaintiff seeks to remove a cloud on its property quieting title in favor of Plaintiff.

## II. STATEMENT OF FACTS

2. On June 29, 2007, Borrower Juan Alejandro Avila filed a Chapter 13 Bankruptcy in Cause No. 07-50144 in the U.S. Bankruptcy Court Southern District of Texas. See Exhibit "1".

3. The Defendant by and thru its agents filed a Motion for Relief From the Stay Regarding Exempt Property in the Bankruptcy Action on May 4, 2009. See Exhibit "2".

4. On May 16, 2009, U.S. Bankruptcy Judge Wesley W. Steen signed an Agreed Order Granting Relief from Automatic Stay regarding the Subject Property. See Exhibit "3".

5. On February 18, 2011, U.S. Bankruptcy Judge Richard S. Schmidt signed an Order of Discharge of Debtor(s) in the Bankruptcy Action. See Exhibit "4".

6. The debt of Defendant was listed in the Bankruptcy Action. See Exhibit "1".

7. On March 14, 2011, the Debtor/Borrower (Juan Alejandro Avila filed Notice of Change of Address in the Bankruptcy Action which listed his new address as 1202 Andrews Court, Laredo, Texas 78045. See Exhibit "5".

8. On February 11, 2011, the Bankruptcy attorney for Debtor, Carl Barto, advised the attorney for Ranchway that the property was surrendered thru a Modification. See Exhibit "6" is a true and correct copy of the document.

9. The property manager for Ranchway Homeowners Association, Inc., is Salinas Property Management. The person in charge of managing Ranchway Homeowners Association, Inc., is Sandra Salinas. Mr. Avila advised that he surrendered the property based on the representation of Defendant Bank that it would not foreclosure on property. Mr. Avila advised Sandra Salinas that he moved out of the property before 2011.

10. On or about January 13, 2005, Ivan Alejandro Avila (the "Borrower") executed a Note ("Note") for $79,600.00 payable to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Emerald Capital Mortgage, its successors and assigns as lender on a loan secured by the Property, which is more particularly described as follows:

> UNIT NUMBER SIXTY-THREE (63), BUILDING "O", OF THE RANCHWAY CONDOMINIUMS, PHASE 3, A CONDOMINIUM PROJECT LOCATED IN THE CITY OF LAREDO, WEBB COUNTY, TEXAS, AS FULLY DESCRIBED IN CONDOMINIUM DECLARATION RECORDED IN VOLUME 1072, PAGE 519, CORRECTED IN VOLUME 1105, PAGE 739, AMENDED IN VOLUME 1234, PAGE 235, VOLUME 1390, PAGE 172, VOLUME 1505, PAGE 438 AND VOLUME 1661, PAGE 762, OFFICIAL PUBLIC RECORDS OF WEBB COUNTY, TEXAS, TOGETHER WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS APPERTAINING THERETO.

11. Commonly known as 1000 Ranchway Drive, Unit 63, Laredo, Texas 78045 (the "Property").

12. Concurrently with execution of the Note, Borrower, executed a Deed a Trust ("Deed of Trust" and together with the Note, the "Loan Agreement") with said Deed of Trust being record as document number 863949 in the real property records of Webb County, Texas. BNYM was the

current legal owner and holder of the Note and mortgagee, as the last assignee of reford of the Deed of Trust pursuant to an assignment from MERS as Nominee for Emerald Capital Mortgage to BNYM. The Deed of Trust states that failure to cure default **will** result in acceleration of the sums secured by this security instrument and Sale of the Property.

13. The property is part of the Ranchway Condominium Homeowners Association and subject to its Declarations and Covenants (the "Declaration"). As part of Borrower's ownership obligations, the Declarations require that Borrower pay assessments, which are secured by a continuing lien on the Property. The Declaration further provides that should Avila fail to pay his assessments, the HOA may recover such assessments through foreclosure sale pursuant to applicable law. Id at p. 21.

14. Borrower failed to make assessment payments to Ranchway and, on or around January 11, 2011, Ranchway executed a Notice of Lien for $5,585.00. The document was recorded under document number 1091118. Ranchway foreclosed on its lien on July 1, 2015.

15. Debtor has advised he received several notices of Default and failed to cure them before he moved out of the property before 2011. Thus, the Note was automatically accelerated at the latest by December 31, 2010.

### III. PARTIES AND SERVICE INSTRUCTIONS

16. Plaintiff **RANCHWAY HOMEOWNERS ASSOCIATIONS, INC.**, is Condominium Association and prior owner of the subject property in this case.

17. Defendant **THE BANK OF NEW YORK MELLON THE BANK OF NEW YORK MELLON AS TRUSTEE FOR CWABS, INC., ASSET BACKED CERTIFICATES SERIES 2005-3,** is the bank. Defendant has made an appearance in this case.

## IV. JURISDICTION AND VENUE

18. The Court has jurisdiction over Defendants because Defendants do business in the State of Texas, including originating, servicing and/or owning loans, which necessarily involves contracting with Texas residents by mail or otherwise when at least one of the parties is to perform the contract in Texas. Further, Defendants' conduct giving rise to the causes of action as set forth herein occurred in whole or in part in Texas.

19. The damages sought in this action are within the jurisdictional limits of the court.

20. There exists complete diversity of citizenship between Plaintiff and Defendant.

## V. PLAINTIFF'S INTEREST IN PROPERTY

21. The plaintiff claims ownership of the below described property by Substitute Trustee's Deed dated July 1, 2015 and recorded in Volume 3820 page 70 of the Real Property Records of Webb County. The property in dispute is described as follows:

22. Condominium Unit No. 63, Building O, Phase 3, together with an undivided interest in the general common elements of the certain condominium project known as Ranchway Condominiums as set forth in the Declaration establishing the regime.

## VI. SUIT TO REMOVE CLOUD AND QUIET TITLE

23. Defendant's alleged title to the property by virtue of a Foreclosure Sale Deed dated March 1, 2016 and recorded in Volume 3935 Page 253 in the Real Property Records of Webb County, Texas. This instrument is creating a cloud upon Plaintiff's title and should be removed.

24. A suit to quiet title is equitable in nature, and the principal issue in such suits is "the existence of a cloud on the title that equity will remove." *Florey v. Estate of McConnell*, 212 S.W.3d

439, 448 (Tex.App.-Austin 2006, pet. denied) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex.Civ.App.-Waco 1980, writ ref'd n.r.e.)). A "cloud" on legal title includes any deed, contract, judgment lien or other instrument, not void on its face that purports to convey an interest in or makes any charge upon the land of the true owner, the invalidity of which would require proof. *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex.App.-Beaumont 2000, pet. denied). The quiet title remedy is available to even the "holder of the feeblest equity" in real or personal property. *Thomson v. Locke*, 1 S.W.112, 115, 660 Tex.383 (1886).

25. Plaintiff has an interest in the Property by virtue of Plaintiff's recorded deed. See *MERS v. Groves*, 2011 Tex.App. LEXIS 2696 (Tex.App.-Houston [14th Dist.] 2011).

26. Defendant has clouded Plaintiff's title by claiming that Defendant has a lien for security purposes on Plaintiff's Property and that Defendant has the power to foreclose on said Property. See Id. (stating that this is sufficient to establish a justiciable controversy).

27. The Note and Deed of Trust upon which the Defendant asserts an interest, although facially valid, is in fact invalid and of no force or effect because they are barred by statute of limitations and/or the Bankruptcy Judge Discharge Order of Debtor and/or the Agreed Order Grating Relief from Automatic Stay on June 16, 2009, which have rendered Defendant's underlying lien void and/or barred. Thus, Defendant's claim interferes with Plaintiff's title. See *Cadle Co. v. Ortiz*, 227 S.W.3d 831,837-38 (Tex.App.-Corpus Christi 2007, pet. denied) (undisputed property's owner's suit to invalidate promissory note and lien securing note was a quiet title suit).

### VII. INVALIDITY OF DEFENDANT'S CLAIM

28. The Deed under which the defendant asserts an interest and that interferes with the plaintiff's

title, although appearing valid on its face, is in fact invalid and of no force or effect, and should be declared void and cancelled by the Court. The plaintiff will show that they foreclosed on the property prior to the Bank's foreclosure thus protecting their own lien. In addition, the Bank's foreclosure was barred by the statute of limitations and/or the Bankruptcy Judge's Order. IN addition, based on the facts above, the Bank represented to Debtor it would NOT foreclose on the property. Lastly, the facts support the proposition that more than 4 years had elapsed since the promissory note was accelerated giving rise to a statute of limitations issue, which would have precluded the Bank from foreclosing on the subject property.

## VIII. DECLARATORY JUDGMENT (STATUTE-OF-LIMITATIONS BARS ANY POWER OF SALE)

29. Defendant is barred by the four-year statute of limitations from foreclosing on said Property pursuant to the Texas Civil Practice and Remedies Code §16.035(a)(b).

30. Pursuant to Texas law, "a sale of real property under a power of sale in a mortgage or deed of trust…**must be made no later than four years after the day the cause of action accrues.**" TEX.CIV.PRAC. & REM. CODE §16.035(b) (emphasis added). **A cause of action accrues when the holder actually exercises its option to accelerate the debt** with, for instance, an unequivocal notice of intent to accelerate and a notice of acceleration. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 565-566 (Tex.2001); see also *Shepler v. Kubena*, 563 S.W.2d 382,384-85 (Tex.Civ.App.-Austin 1978, no writ). **Once the four year limitation period expires, the real property lien and the power of sale to enforce the lien become void.** Id. at 568; see also TEX.CIV.PRAC.&REM. CODE § 16.035(d).

31. On information and belief, Defendant exercised its option to accelerate the alleged debt on this Property on or before February 29, 2012, thus the foreclosure is void.

32. Based on the above-mentioned facts, Defendant's power of sale under the deed of trust would have expired on March 1, 2016. Defendant's power of sale on the Plaintiff's property is now void.

33. Accordingly, pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code (and if necessary, the Federal Declaratory Judgment Act), Plaintiff respectfully requests that this Court issue a declaratory judgment specifying Plaintiff's and Defendant's right and duties in connection with the Deed of Trust, the underlying Note and the property.

34. Specifically, a controversy exists whether Defendant has a valid lien due to the expiration of the statute of limitations and/or any res judicate bar, estoppel, waiver or bankruptcy discharge claim. The lien's validity will determine the rights and duties between Plaintiff and Defendant. Therefore, Plaintiff is a proper party to seek a declaratory judgment to resolve these issues. This Court is vested with the power to declare and adjudicate the rights and other legal relationships of the parties to this action.

35. Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiff respectfully requests that this Court issue a declaratory judgment specifying its and Defendant's rights and duties in connection with the Property.

36. Specifically, a controversy exists regarding the issue of whether Defendant had a valid lien on the property due to the expectation of the statute of limitations; the Bankruptcy Judge's Discharge Order and/or the Agreed Order Modifying Automatic Stay. Plaintiff therefore is a proper party to seek a declaratory judgment to resolve these issues.

37. This Court is vested with the power to declare and adjudicate the property rights and other legal relationship of the parties to this action.

38. Plaintiff would respectfully ask this Court to declare the rights, status, and legal relations of the parties pertaining to the justiciable controversy that has arisen from the violations plead above, and to Declare that the purported foreclosure sale by Defendant was wrongful and Declare that the purported foreclose sale is void and set aside. To Declare that full fee simple title be vested in Plaintiff, and to Declare that Plaintiff is the sole fee simple title holder and the only person entitled to possession of the subject real property that is made the basis of this lawsuit.

39. For all the reasons stated in this pleading, Plaintiff seeks a declaratory judgment pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code, and requests that this Court issue a declaratory judgment that (a) declares Defendant's lien is barred by statute of limitations, (b) declares that title be quieted in Plaintiff's name.

## IX. TRESPASS TO TRY TITLE

40. Plaintiff reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth herein verbatim.

41. This is a suit in trespass to try title (hereinafter "TTT"), as that cause of action is defined in Property Code Chapter 22.

42. A trustee in foreclosure may not sell the debtor's property except as authorized by the deed of trust. The deed of trust in this case, provided that the debtor must have been in default at the time of the sale, and that the powers conveyed by the deed of trust ended when the indebtedness secured by

the Property was satisfied. Because Defendant and/or their agents modified the terms of their agreement, Defendant must abide by those changed terms.

43. Due to the fact that Plaintiff and Defendant and/or their agent's were in the middle of attempting to determine the Plaintiff's eligibility to qualify for the Home Affordable Modification Program, and because Defendant has specifically represented to Borrower Avila that no foreclosure proceedings would be take place if he surrendered his property, Defendant conducted an improper foreclosure sale by the terms of the modified deed of trust.

44. Because representations by Defendant to Borrower Avila that the property would not be foreclosed upon, and the borrower having detrimentally relied on this promise, Plaintiff asserts that the trustee had no power to sell the land, that the sale was void, and that the trustee's deed is invalid. Such averments rest on solely on the strength of Plaintiffs own title pursuant to Texas law and not on a defect in Defendant's allegations of title. Accordingly, Plaintiff is the true and only fee simple owner of the property and Defendant's interests are void. Plaintiff brings this TTT suit to remove the clouds created on their title by the Defendant as allowed by Texas law.

45. At all times mentioned, by virtue of its foreclosure Plaintiff is the owner in fee simple absolute of the subject real property located in Webb County, Texas that was subsequently improperly foreclosed on and being more particularly described above. Plaintiff is entitled to possession of the subject real property and the removal of the clouds placed on Plaintiff's title by the Defendant's actions.

## X. ATTORNEY'S FEES

46. Plaintiff has been obliged to employ counsel to represent Plaintiff's interests in connection

with Defendant's conduct. In that regard, Plaintiff employed the undersigned attorney and Plaintiff is obligated to pay such attorneys' reasonable fees for the services necessarily rendered on its behalf pursuant to Chapter 38 of the Tex.Civ. Prac.& Rem.Code §38.

47.     The Texas Declaratory Judgment Act permits recovery of attorney's fees. Tex.Civ.Prac.& Rem.Code 37.009.

## XI. BREACH OF CONTRACT-ASSOCIATION DUES ON PROPERTY

48.     Pleading in the alternative, the Bank or its assigns are liable for all Association Dues, charges, late fees, interest and attorney fees as allowed by law at least from the date of agreed Order granting Motion to Lift Stay, which is June 16, 2009. The monthly association dues are $145 per month and late fees are $75 per month. The total association dues are approximately $23,520.00 exclusive of attorney fees and costs.

## PRAYER

**WHEREFORE**, the plaintiff requests that, on final hearing, the plaintiff have judgment as follows:

1. Declaring that the Defendant's foreclosure sale deed is invalid and unenforceable, ordering it removed from the title to the property made the subject of this litigation, and quieting title in the plaintiff.
2. Awarding the plaintiff judgment against the defendant for attorney's fees and costs of suit, together with such order and further relief to which the plaintiff may be justly entitled.
3. Actual damages in an amount in excess of the minimum jurisdictional limits of the court, together with prejudgment interest.
4. That the Court enter a declaratory judgment that Plaintiff is entitled to possession of

the real property at issue and that Defendant has no claim on that property; and

5. That this Court award Plaintiff all such other and further relief to which it is justly entitled.

6. Awarding costs of suit and post judgment interest.

7. For general and further relief and any other matter to which Plaintiff may be entitled to at law or in equity.

Respectfully submitted,

**MARCEL C. NOTZON, III**
6999 McPherson Ave, Ste. 325
North Town Professional Plaza
Laredo, Texas 78041
Tel. No.: (956) 717-1961
Fax No.: (956) 717-2789
Email: mcn@notzonlawfirm.com

By: _____/s/_____
Marcel C. Notzon, III

**ATTORNEY FOR PLAINTIFF
RANCHWAY HOMEOWNERS
ASSOCIATIONS, INC.**

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. 5(b), I certify that a copy of this instrument was served on May 17th, 2018 as follows:

**VIA EMAIL: pdanaher@mwzmlaw.com**
Philip W. Danaher
Mackie Wolf et al
14160 N Dallas Pkwy
Ste 900
Dallas, Texas 75254
Tel: (214) 635-2650

Mark Douglas Cronenwett
Mackie Wolf Zientz & Mann, P.C.
14160 N. Dallas Parkway, Ste 900
Dallas, Texas 75254
Tel: (214) 635-2650
Email: mcronenwett@mwzmlaw.com

/s/
MARCEL C. NOTZON, III